DEBRA ISAACS *v.* GARY J. DEFILIPPO, COMMISSIONER OF MOTOR VEHICLES

Superior Court, Judicial District of New Britain
File No. CV-03-0525163S

Memorandum filed March 29, 2005

*Riefberg, Smart, Donohue & Nejame,* for the plaintiff.

*Drew S. Graham,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

QUINN, J. Debra Isaacs, the plaintiff, appeals from the decision of the defendant, the commissioner of motor vehicles (commissioner), ordering a three year suspension of her driver's license for two convictions under General Statutes § 14-227a within a ten year period. The plaintiff argues that the commissioner cannot impose an enhanced penalty when the trial court did not convict the plaintiff as a subsequent offender. There are no appellate cases that speak directly to this issue. For the reasons subsequently set forth in detail, the court concludes that the commissioner did not err in suspending the plaintiff's license for a period of three years. The plaintiff's appeal is, therefore, dismissed.

I

FACTS AND PROCEDURAL HISTORY

Within a span of fifteen days during January, 2003, the plaintiff was arrested in connection with two incidents of drunken driving and subsequently charged with two violations of § 14-227a. At the March 12, 2003 hearing, the state did not seek enhanced penalties by declining to present a two part information. The plaintiff pleaded guilty to both counts. The court, *Carroll, J.,* sentenced the plaintiff as a first offender.

By notice dated March 17, 2003, the commissioner suspended the plaintiff's license for a period of three years beginning April 16, 2003, and indicated that the

reason for the suspension was a second conviction of operating a motor vehicle while under the influence of intoxicating liquor or drugs within a ten year span. The plaintiff petitioned the department of motor vehicles for reconsideration and also filed a petition for a declaratory ruling, requesting that her three year suspension be corrected and reduced to a period of one year. The commissioner declined and the present appeal followed.

## II

## LEGAL STANDARD

"[J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted." (Internal quotation marks omitted.) *Murphy* v. *Commissioner of Motor Vehicles*, 254 Conn. 333, 343, 757 A.2d 561 (2000). "Review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion." (Internal quotation marks omitted.) Id.

"Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion. . . . Although the interpretation of statutes is ultimately a question of law . . . it is the well established practice of this court to accord great deference to the construction given [a] statute by

the agency charged with its enforcement. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." (Internal quotation marks omitted.) *Cadlerock Properties Joint Venture, L.P.* v. *Commissioner of Environmental Protection*, 253 Conn. 661, 669, 757 A.2d 1 (2000), cert. denied, 531 U.S. 1148, 121 S. Ct. 1089, 148 L. Ed. 2d 963 (2001).

## III

## DISCUSSION

The plaintiff argues that the commissioner cannot impose a three year suspension under § 14-227a (g) (2) because the court did not find the plaintiff guilty of committing a subsequent offense via a two part information. Instead, the plaintiff argues that the commissioner may only impose a one year suspension for first offenders as set forth in § 14-227a (g) (1). Our Supreme Court has stated that "if proof of a defendant's prior conviction is used to enhance the punishment for a contemporaneous conviction of a substantive offense, the state must file a two part information." *State* v. *Jones*, 234 Conn. 324, 337–38, 662 A.2d 1199 (1995); see also Practice Book § 36-14. The plaintiff argues that the commissioner is likewise bound by this rule of criminal procedure.

The plaintiff urges the court to adopt the holding of a May 3, 1999 declaratory ruling by the department of motor vehicles that § 14-227a does not grant the commissioner any authority to suspend licenses, but instead, vests that authority with the courts. Therefore, when the court sentences a defendant as a first offender, the commissioner cannot enforce a suspension exceeding the time period established by statute for first offenders.

Subsequent revisions to § 14-227a have invalidated this holding. See Public Acts 2002, No. 02-70, § 69; Public Acts 1999, No. 99-255, § 1. A proper interpretation of the statute requires an examination of the text and its relationship to other statutes. *Bergeson* v. *New London*, 269 Conn. 763, 769–70, 850 A.2d 184 (2004). If the court finds that the meaning of the text is plain and unambiguous and does not yield an unworkable result, the court shall not consider extratextual evidence. Id.

The current revision of § 14-227a (h) (1) allocates the responsibilities of the commissioner and the courts and provides: "Each court shall report each conviction under subsection (a) of this section to the Commissioner of Motor Vehicles, in accordance with the provisions of section 14-141. The commissioner shall suspend the motor vehicle operator's license or nonresident operating privilege of the person reported as convicted for the period of time required by subsection (g) of this section. The commissioner shall determine the period of time required by said subsection (g) based on the number of convictions such person has had within the specified time period according to such person's driving history record, *notwithstanding the sentence imposed by the court for such conviction.*" (Emphasis added.) General Statutes § 14-227a (h) (1).

Section 14-227a explicitly authorizes the commissioner to suspend the license of each driver reported as convicted by the court. By revising the text, the legislature has chosen to place this authority with the commissioner. Previously, the commissioner had no direct authority to suspend the licenses of those drivers convicted of driving while intoxicated. See Opinions, Conn. Atty. Gen. No. 84-6 (January 18, 1984).

Section 14-227a then directs the commissioner to look at the number of reported convictions on the driving history record when he determines the suspension period according to the provisions of subsection (g). The commissioner makes his own determination con-

cerning the status of the driver and length of suspension, notwithstanding the court's sentence. If two convictions appear within ten years on the driving record, the commissioner may issue a three year suspension regardless of the particular procedures used to obtain the two convictions.

It is already established that the criminal disposition of a case and any administrative sanctions that follow are separate and distinct proceedings. *State* v. *Gracia*, 51 Conn. App. 4, 10–11, 719 A.2d 1196 (1998). The current revision of § 14-227a (h) (1) codifies this principle of law by directing the commissioner to proceed on the information contained in the driving history record, regardless of the sentence imposed in the criminal proceedings.

## IV

## CONCLUSION

For all the foregoing reasons, the appeal is dismissed.